IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

STEAMBOAT SKI & RESORT CORPORATION;
STEAMBOAT SPRINGS WINTER SPORTS CLUB, INC.

      Plaintiffs,                         JURY TRIAL DEMANDED

      v.

SALT LAKE CONVENTION & VISITORS BUREAU
d/b/a VISIT SALT LAKE;
ALTA SKI LIFTS COMPANY;
BRIGHTON RESORT, LLC;
SOLITUDE SKI CORPORATION;
SNOWBIRD RESORT, LLC.

      Defendants.

**COMPLAINT AND JURY DEMAND**

This is an action for trademark infringement and unfair competition based on Defendants' willful exploitation of Plaintiffs' intellectual property rights in violation of the laws of the United States and the State of Colorado. Specifically, Defendants have infringed Plaintiffs' well-known SKI TOWN, U.S.A. trademarks through their bad faith use of the confusingly similar SKI CITY USA trademark. Plaintiffs bring claims for trademark infringement in violation of 15 U.S.C. §§ 1114 and 1125(a) and the common law of the State of Colorado, unfair competition in violation of 15 U.S.C. § 1125(a) and the common law of the State of Colorado, and deceptive trade practices in violation of the Colorado Consumer Protection Act, C.R.S. 6-1-101 *et seq.*, alleging as follows:

## PARTIES

1.     Plaintiff Steamboat Ski & Resort Corporation ("SSRC") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 2305 Mt. Werner Circle, Steamboat Springs, Colorado, 80487.

2.     Plaintiff Steamboat Springs Winter Sports Club, Inc. ("SSWSC") is a non-profit corporation organized and existing under the laws of the State of Colorado with a principal place of business at 845 Howelsen Parkway, Steamboat Springs, Colorado, 80487.

3.     Upon information and belief, Defendant Salt Lake Convention and Visitors Bureau d/b/a Visit Salt Lake ("VSL") is a corporation existing under the laws of the State of Utah with a principal place of business at 90 South West Temple, Salt Lake City, Utah, 84101.

4.     Upon information and belief, Defendant Alta Ski Lifts Company ("Alta") is a corporation existing under the laws of the State of Utah with a principal place of business at 8920 S Collins Road, P.O. Box 8007, Alta, Utah, 84092.

5.     Upon information and belief, Defendant Brighton Resort, LLC ("Brighton") is a limited liability company existing under the laws of the State of Michigan with a principal place of business at 8302 South Brighton Loop Road, Brighton, Utah, 84121.

6.     Upon information and belief, Defendant Solitude Ski Corporation ("Solitude") is a corporation existing under the laws of the State of Delaware with a principal place of business at 12000 Big Cottonwood Canyon, Solitude, Utah, 84121.

7. Upon information and belief, Defendant Snowbird Resort, LLC ("Snowbird") is a corporation existing under the laws of the State of Delaware with a principal place of business at 2711 Centerville Road, Suite 400, Wilmington, Delaware, 19808.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the claims asserted under the Lanham Act pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a) and (b).

9. This Court has supplemental jurisdiction over the remaining claims asserted in this Complaint pursuant to 28 U.S.C. § 1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy, and they are derived from a common nucleus of operative facts.

10. This Court has personal jurisdiction over VSL because the activities complained of herein have occurred, and continue to occur, in this judicial district. In particular, VSL has purposefully directed activities at the forum state in the following ways:

    a. VSL launched a national advertising campaign called SKI CITY USA that, upon information and belief, is aimed at competing directly with Colorado ski resorts and the associated winter sports industry (the "SKI CITY USA Campaign"). *See* Exhibit A, incorporated herein by reference.

    b. Mr. Scott Beck, President and CEO of VSL, stated that the SKI CITY USA Campaign "is absolutely aimed at luring skiers away from Colorado . . .."

*See* Exhibit B, incorporated herein by reference. In this way, the SKI CITY USA Campaign specifically targets not only Colorado consumers and residents, but also its businesses and industries.

        c.      Commenting on the SKI CITY USA Campaign, Ms. Vicki Varela, the managing director of the Utah Office of Tourism, stated that consumer research reveals that "more than half of people who are shown a picture of Salt Lake City's skyline with the mountains behind think it is Denver." *See* Exhibit B. Ms. Varela also stated that "It's outrageous that we have the product and they have that brand. This [SKI CITY USA Campaign] gives us the story that we deserve to have on the national stage." As a result, the SKI CITY USA Campaign is designed to have an effect on Colorado businesses and commerce.

        d.      In connection with the SKI CITY USA Campaign, VSL has advertised, promoted, and offered its ski-related goods and services to Colorado consumers via its interactive web site — www. http://www.visitsaltlake.com/skicity/. Among other things, this web site allows Colorado consumers to book hotel accommodations, flights, and rental cars. *See, e.g.,* Exhibit C, incorporated herein by reference.

        e.      Upon information and belief, VSL is a private, non-profit corporation responsible for the promotion of Salt Lake City, Utah as a travel destination location for leisure travelers. VSL focuses heavily on attracting leisure travelers to Utah's outdoor industry, including leisure travelers from Colorado and those who would otherwise travel to Colorado. *See, e.g.*, Exhibit D, incorporated herein by reference.

      f.      Colorado and Utah compete directly in the outdoor industry, and in particular, in the winter sports industry. Attached as Exhibit E, and incorporated herein, is an article from Outside Magazine Online that is linked on VSL's webpage http://www.visitsaltlake.com/search/?q=denver+co.

      g.      Based on these and other facts, VSL has sufficient minimum contacts with Colorado that it should reasonably anticipate being haled into court in Colorado; VSL has systematic and continuous business contacts with Colorado; VSL's conduct is expressly aimed at Colorado; and VSL intended and knew that the harmful effects of the SKI CITY USA Campaign would be felt primarily in Colorado.

11. This Court has personal jurisdiction over Alta because it is secondarily liable for VSL's acts set forth above. See Paragraph 41. In addition, Alta has systematic and continuous business contacts with Colorado based on, among other things, its fully-interactive web site on which Colorado residents can, and on information and belief do, purchase lift tickets and book lodging. Alta also regularly participates in ski industry events in Colorado.

12. This Court has personal jurisdiction over Brighton because it is secondarily liable for VSL's acts set forth above. See Paragraph 42. In addition, Brighton has systematic and continuous business contacts with Colorado based on, among other things, its fully-interactive web site on which Colorado residents can, and on information and belief do, purchase lift tickets and retail items. Brighton also regularly participates in ski industry events in Colorado.

13. This Court has personal jurisdiction over Solitude because it is secondarily liable for VSL's acts set forth above. See Paragraph 43. In addition, Solitude has systematic and continuous business contacts with Colorado based on, among other things, its fully-interactive web site on which Colorado residents can, and on information and belief do, purchase lift tickets and book lodging. Solitude also regularly participates in ski industry events in Colorado.

14. This Court has personal jurisdiction over Snowbird because it is secondarily liable for VSL's acts set forth above. See Paragraph 44. In addition, Snowbird has systematic and continuous business contacts with Colorado based on, among other things, its fully-interactive web site on which Colorado residents can, and on information and belief do, purchase lift tickets and book lodging. Snowbird also regularly participates in ski industry events in Colorado.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because this is the judicial district in which a substantial part of the events giving rise to the claim occurred.

## PLAINTIFFS' BUSINESSES AND TRADEMARKS

16. Plaintiff SSRC owns and operates Steamboat Ski Resort, one of Colorado's premier destination resorts, located on Mount Werner in Steamboat Springs, Colorado.

17. Plaintiff SSWSC owns and operates a nonprofit winter sports club in Steamboat Springs, Colorado, that promotes competitive skiing, ski jumping, snowboarding and other winter sports.

18. Plaintiffs own many valuable marks that are important to their respective businesses. In relevant part, a portion of Plaintiffs' products and services are protected by a valuable portfolio of federal trademark registrations for the mark SKI TOWN, U.S.A. (collectively, the "SKI TOWN, U.S.A. Marks").

19. Included among the SKI TOWN, U.S.A. Marks are the following federal registrations and applications:

a) U.S. Reg. No 2399109 for "SKI TOWN, U.S.A." in connection with "*Entertainment in the nature of competitions in the fields of skiing, snowboarding, ski jumping, cross country skiing, and freestyle skiing, Education services, namely, providing athletic instruction and training in the field of winter sport*s" in International Class 41 which was first used in commerce at least as early as 1959.

b) U.S. Reg. No. 4301536 for "SKI TOWN, U.S.A." in connection with "*rental of ski and snowboard equipment; arranging for ticket reservations for shows and other entertainment events; ski and snowboard resorts*" in International Class 41 which was first used in commerce at least as early as 1959.

c) U.S. Reg. No. 4545080 for "SKI TOWN, U.S.A." in connection with "*printed materials, namely, magazines in the field of outdoor recreation and resort activities*" in International Class 16, which was first used in commerce at least as early as November 2010; "*Clothing, namely, sweatshirts, hats*" in International Class 25 which was first used in commerce at least as early as November 2011; "*Real estate services, namely, brokerage and leasing of real estate*" in International Class 36 which was first used in commerce at least as early as December 2013; and "*Hotel, restaurant, bar and*

7

*catering services; travel agency services, namely, making reservations and bookings for restaurants and meals*" in International Class 43 which was first used in commerce at least as early as 2008.

        d)    U.S. Application Serial No. 85151686 for SKI TOWN, U.S.A. in connection with "*printed materials, namely, stickers*" in International Class 16 and "*clothing, namely, t-shirts, jackets*" in International Class 25 (collectively, "Plaintiffs' Goods/Services").

True and correct copies of the foregoing registrations and application are attached as Exhibit F and incorporated herein by reference.

      20.    Plaintiffs also have common law rights to the mark SKI TOWN, U.S.A. (and the essentially identical variants SKI TOWN, USA and SKI TOWN USA) by virtue of their continuous use of the mark in commerce since at least as early as 1959, as described herein.  *See* Exhibit G, incorporated herein by reference.

      21.    The SKI TOWN, U.S.A. Marks are used extensively in interstate commerce in connection with the sale, offering for sale, distribution, and advertising of Plaintiffs' Goods/Services.

      22.    Through long and widespread use, the SKI TOWN, U.S.A. Marks are widely recognized by the public as brand identifiers for Plaintiffs' Goods/Services and have developed extensive goodwill in the market.  Accordingly, in light of all these facts, the SKI TOWN, U.S.A. Marks are extremely valuable to Plaintiffs.

      23.    Over the past fifty-five years, SSRC has invested millions of dollars in advertising to promote the SKI TOWN, U.S.A. Marks.  As part of their brand investments, SSRC advertises its goods and services through television, radio,

newspaper, catalogs, magazines, web site, and social media sites nationwide.  SSWSC also advertises and promotes its goods and services on the web and through other media.

## DEFENDANTS' UNLAWFUL ACTS

24. SSRC and Defendants compete in the winter sports tourism industry.

25. SSWSC and Defendants compete in the winter sports training and competition industry.

26. VSL's SKI CITY USA Campaign was created and launched as a national advertising campaign to market and promote Salt Lake City, Alta, , Brighton, Snowbird, and Solitude, each of which are competitors of SSRC.  *See* Exhibit A.

27. As part of the SKI CITY USA Campaign, VSL uses the tagline: "Once you've stayed in SKI CITY, you'll never stay in another ski town."  *See* Exhibit A.

28. VSL's President and CEO, Mr. Scott Beck, stated that the SKI CITY USA Campaign "is absolutely aimed at luring skiers away from Colorado . . ."  *See* Exhibit B.

29. Commenting on the SKI CITY USA Campaign, Ms. Vicki Varela, the managing director of the Utah Office of Tourism, stated that consumer research reveals that "more than half of people who are shown a picture of Salt Lake City's skyline with the mountains behind think it is Denver."  *See* Exhibit B.  Ms. Varela also stated that "It's outrageous that we have the product and they have that brand. This [SKI CITY USA Campaign] gives us the story that we deserve to have on the national stage."

30. Upon information and belief, Defendants were aware of Plaintiffs' Goods/Services and their trademark SKI TOWN, U.S.A. prior to launching the SKI CITY USA Campaign.

31. VSL is using the mark SKI CITY USA in connection with the promotion and sale of ski-related services, such as ski and snowboard resorts and hotel, bar, and restaurant services (collectively, "Ski-Related Goods/Services").

32. The mark SKI CITY USA is similar in sight, sound, and meaning to Plaintiff's SKI TOWN, U.S.A. Marks.

33. Defendants compete with Plaintiffs regarding the promotion, offering, and sale of Ski-Related Goods/Services.

34. The Ski-Related Goods/Services that Defendants market, promote, and sell under the mark SKI CITY USA are identical to at least a portion of Plaintiffs' Goods/Services marketed under the SKI TOWN, U.S.A. Marks.

35. VSL markets the Ski-Related Goods/Services offered under the term SKI CITY USA in the same way and in the same channels of trade that Plaintiffs' Goods/Services are marketed under the SKI TOWN, U.S.A. Marks.

36. Upon information and belief, VSL deliberately chose to use the mark SKI CITY USA in connection with its sale of Ski-Related Goods/Services in order to trade on Plaintiffs' established goodwill in the relevant market.

37. Upon information and belief, VSL deliberately chose the mark SKI CITY USA in bad faith and with a willful disregard for Plaintiffs' trademark rights.

38. VSL's unauthorized use of the mark SKI CITY USA in connection with the promotion and sale of Ski-Related Goods/services is likely to create confusion with Plaintiffs and the SKI TOWN, U.S.A. Marks as to the source of Defendants' goods and services.

39. Use of the mark SKI CITY USA creates the impression that Defendants are somehow related to, connected, associated, or affiliated with, or endorsed by Plaintiffs.

40. Plaintiffs have been injured in the course of its business as a result of the use of the mark SKI CITY USA in the form of actual consumer confusion.

41. Alta is vicariously liable for the actions of VSL complained of in this Complaint because, on information and belief, it has the right and ability to control and derives a direct financial benefit from those acts. Among other things, Alta is a member of VSL and its services are advertised under the SKI CITY USA mark on the SKI CITY USA section of VSL's web site. See Exhibit H, incorporated herein by reference. In addition, Alta is contributorily liable because, on information and belief, it was consulted on and agreed to the SKI CITY USA Campaign, thus materially assisting with the infringement.

42. Brighton is vicariously liable for the actions of VSL complained of in this Complaint because, on information and belief, it has the right and ability to control and derives a direct financial benefit from those acts. Among other things, Brighton is a member of VSL and its services are advertised under the SKI CITY USA mark on the SKI CITY USA section of VSL's web site. See Exhibit H, incorporated herein by

reference. In addition, Brighton is contributorily liable because, on information and belief, it was consulted on and agreed to the SKI CITY USA Campaign, thus materially assisting with the infringement.

43. Solitude is vicariously liable for the actions of VSL complained of in this Complaint because, on information and belief, it has the right and ability to control and derives a direct financial benefit from those acts. Among other things, Solitude is a member of VSL and its services are advertised under the SKI CITY USA mark on the SKI CITY USA section of VSL's web site. See Exhibit H, incorporated herein by reference. In addition, Solitude is contributorily liable because, on information and belief, it was consulted on and agreed to the SKI CITY USA Campaign, thus materially assisting with the infringement.

44. Snowbird is vicariously liable for the actions of VSL complained of in this Complaint because, on information and belief, it has the right and ability to control and derives a direct financial benefit from those acts. Among other things, Snowbird is a member of VSL and its services are advertised under the SKI CITY USA mark on the SKI CITY USA section of VSL's web site. See Exhibit H, incorporated herein by reference. In addition, Snowbird is contributorily liable because, on information and belief, it was consulted on and agreed to the SKI CITY USA Campaign, thus materially assisting with the infringement.

**FIRST CLAIM FOR RELIEF**
**(Federal Trademark Infringement in Violation of 15 U.S.C. § 1114)**

45. The allegations of all prior paragraphs are incorporated by reference as though fully set forth herein.

46. The mark SKI CITY USA as used by Defendants in connection with the offering, advertising, promotion, and/or provision of Defendants' Ski-Related Goods/Services is confusingly similar to Plaintiffs' SKI TOWN, U.S.A. Marks.

47. The continued use of the mark SKI CITY USA is likely to cause confusion or mistake, or to deceive consumers and prospective consumers as to the origin, sponsorship, association or approval of the goods/services provided by Defendants, or to cause confusion or mistake or to deceive relevant consumers and prospective consumers that Defendants are connected or otherwise associated with Plaintiffs.

48. The conduct complained of herein has been without authorization or consent of Plaintiffs and has damaged, is damaging, and is likely to continue to damage Plaintiffs in an amount to be proved at trial.

49. The conduct complained of herein constitutes a violation of 15 U.S.C. § 1114, and has caused and is causing irreparable harm and damage to Plaintiffs for which there is no adequate remedy at law.

### SECOND CLAIM FOR RELIEF
**(False Designation of Origin and Unfair Competition in Violation of 15 U.S.C. § 1125(a))**

50. The allegations of all prior paragraphs are incorporated by reference as though fully set forth herein.

51. The use of the mark SKI CITY USA in connection with the offering, advertising, promoting, and provision of Defendants' Ski-Related Goods/Services is likely to cause confusion or mistake, or to deceive relevant consumers and prospective consumers as to the origin, sponsorship, association or approval of the goods and

services provided by Defendants, or to cause confusion or mistake or to deceive relevant consumers and prospective consumers that Defendants are connected or otherwise associated with Plaintiffs.

52. The conduct complained of herein has been without authorization or consent of Plaintiffs and has damaged, is damaging, and is likely to continue to damage Plaintiffs in an amount to be determined at trial.

53. On information and belief, Defendants did the aforesaid acts with knowledge and in willful disregard of Plaintiffs' rights therein.

54. The conduct complained of herein constitutes a violation of 15 U.S.C. § 1125(a), and has caused and is causing irreparable harm and damage to Plaintiffs for which there is no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
**(Common Law Trademark Infringement)**

55. The allegations of all prior paragraphs are incorporated by reference as though fully set forth herein.

56. The use of the mark SKI CITY USA in connection with the offering, advertising, promotion, and/or provision of Defendants' Ski-Related Goods/Services is confusingly similar to the SKI TOWN, U.S.A. Marks.

57. Such use is likely to cause confusion, mistake, and/or deception of relevant consumers and prospective consumers.

58. The conduct complained of herein has been without authorization or consent of Plaintiffs and has damaged, is damaging, and is likely to continue to damage Plaintiffs in an amount to be determined at trial.

59. The conduct complained of herein has caused and is causing irreparable harm and damage to Plaintiffs for which there is no adequate remedy at law.

60. On information and belief, the aforesaid conduct was undertaken willfully with full knowledge Plaintiffs' use of the SKI TOWN, U.S.A. Marks and with the intention of causing confusion, mistake or deception.

### FOURTH CLAIM FOR RELIEF
### (Common Law Unfair Competition)

61. The allegations of all prior paragraphs are incorporated by reference as though fully set forth herein.

62. On information and belief, Defendants' Ski-Related Goods/Services have been advertised, promoted, offered, and/or sold in the State of Colorado using the mark SKI CITY USA with full knowledge of Plaintiffs' prior use of the SKI TOWN, U.S.A. Marks for the same or closely-related goods and services.

63. Defendants have unfairly competed with Plaintiffs by creating the impression among relevant consumers that the goods and services offered by Defendants are licensed by, sponsored by, originated with, and/or are otherwise affiliated with those of Plaintiffs, or that the source of the goods/services offered and sold by Defendants using the mark SKI CITY USA is affiliated with or associated with Plaintiffs, when Defendants' goods/services have no connection with or authorization from Plaintiffs.

64. Defendants have misappropriated Plaintiffs' valuable goodwill and public recognition of the SKI TOWN, U.S.A. Marks, which has been developed over a long

period of time by Plaintiffs, and Defendants have unlawfully benefited and been unjustly enriched by such activities.

65. Continued use by Defendants of the mark SKI CITY USA in connection with their goods/services constitutes unfair competition under the common law of the State of Colorado.

66. This use has injured Plaintiffs' business reputation and will cause irreparable harm, damage, and injury to Plaintiffs unless restrained or enjoined by the Court.

## **FIFTH CLAIM FOR RELIEF**
**(Colorado Consumer Protection Act)**

67. The allegations of all prior paragraphs are incorporated by reference as though fully set forth herein.

68. Defendants' activities described herein constitute unfair competition and unfair or deceptive acts and practices in the conduct of their trade and business in violation of C.R.S. § 6-1-101, et seq., including but not limited to § 105(a)(b) and (c).

69. These activities significantly impact the public because Defendants' Ski-Related Goods/Services are widely advertised and promoted and are directed specifically to Colorado consumers.

70. Plaintiffs have been injured in the course of their business as a result of the deceptive trade practices in the form of actual and potential consumer confusion.

71. On information and belief, Defendants' wrongful and deceptive activities have caused, and unless enjoined by this Court, will continue to cause irreparable injury

and other damage to Plaintiffs' business, reputation, and goodwill in the SKI TOWN, U.S.A. Marks for which Plaintiffs have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for an order from this Court:

A. Preliminarily and permanently enjoining Defendants, and their directors, officers, agents, servants, employees, successors and assigns, and all individuals acting in concert or participation with them, from:

    1. Any further infringement of Plaintiffs' trademark rights; and

    2. Unfairly competing with Plaintiffs;

B. Directing Defendants to deliver up to Plaintiffs for destruction or other disposition, within thirty days or entry of final judgment herein, any and all infringing materials, including but not limited to marketing materials, print advertisements, and promotional videos used by Defendants that display the mark SKI CITY USA or the tag line, "Once you've stayed in SKI CITY, you'll never stay in another ski town."

C. For an award of Defendants' profits obtained in the use of the mark SKI CITY USA;

D. For an award of Plaintiffs' damages resulting from the use of the mark SKI CITY USA;

E. For an award of costs incurred by Plaintiffs in this action;

F. Trebling the amount of the award made herein to deter in the future Defendants' willful, intentional, and bad faith conduct;

G. For an award of attorneys' fees, costs, and disbursements incurred in this action based on Defendants' willful, intentional, and bad faith conduct; and

H. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues triable of right by a jury.

Dated: October 3, 2014

KILPATRICK TOWNSEND & STOCKTON LLP

By: s/ Ian L. Saffer
　　Ian L. Saffer
　　Kathryn L. Bohmann
　　1400 Wewatta St., Ste. 600
　　Denver, CO 80202
　　Telephone: (303) 571-4000
　　Facsimile: (303) 571-4321
　　E-mail: isaffer@kilpatricktownsend.com;
　　kbohmann@kilpatricktownsend.com

　　Attorneys for Plaintiffs

66595091V.6